# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Jack O. Edmundson, Jr., | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 96 M.D. 2025 |
| | : | |
| Pennsylvania Department of | : | |
| Corrections (PADOC) and | : | |
| SCI Benner Twp., | : | |
| Respondents | : | Submitted: June 16, 2026 |

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
                     HONORABLE MATTHEW S. WOLF, Judge
                     HONORABLE MARY HANNAH LEAVITT, Senior Judge

## OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE WOLF                                                                    FILED:  July 24, 2026

Before the Court are preliminary objections filed by the Pennsylvania Department of Corrections (DOC) and the State Correctional Institution (SCI) – Benner Township (collectively, Respondents) to the original jurisdiction petition for review (Petition) filed by Jack O. Edmundson, Jr. (Petitioner), an unrepresented litigant.  Also before the Court is Petitioner's application for relief seeking leave to amend the Petition (Application).  After careful review, we sustain in part and overrule in part the preliminary objections and grant the Application.

Petitioner, who is an inmate at SCI Benner Township, filed the Petition on March 11, 2025.  Petitioner alleges he was transferred to the Restricted Housing Unit (RHU) at SCI Benner Township on June 29, 2024. Pet. ¶ 3.  He claims during the process of inventorying and moving his personal property for that transfer, DOC

personnel mishandled some of his personal property, resulting in its theft or loss. *Id.* ¶¶ 4-12, 42-43. Petitioner alleges Corrections Officer Kitner told him DOC personnel permitted his cellmate to pack Petitioner's personal property during the transfer. *Id.* ¶ 10. Petitioner attaches an inventory of the items he alleges went missing during the transfer (including food and hygiene products, stationery, a washtub, and eyeglasses) and claims they total $385.81 in value. *Id.* ¶ 42 & Ex. at 7 (pagination supplied). Petitioner claims he informed Kitner the items were missing, and Kitner directed him to file a grievance per DOC policy, which Petitioner did. *Id.* ¶ 12. Prison officials denied the grievance, and the Secretary's Office of Inmate Grievances and Appeals denied Petitioner's appeals therefrom. Petitioner alleges permitting an inmate to pack another inmate's property violates DOC policy. *Id.* ¶¶ 19, 44. He claims DOC personnel's negligence caused the loss of his property. *Id.* ¶ 48. On February 18, 2026, Petitioner filed the Application, averring the value of the property in the Petition is inaccurate due to a computation error and seeking to amend the total value of the property to $552.44. Respondents did not answer the Application.

Respondents raise the following preliminary objections:[1] (1) insufficient specificity of the negligence claim in the Petition because it fails to name a specific DOC employee and specific property that was allegedly mishandled; (2) demurrer to any claim for violation of DOC policy because no such cause of action

---

[1] When deciding preliminary objections, we accept as true all well-pled material facts and all reasonable inferences from those facts. *Phantom Fireworks Showrooms, LLC v. Wolf*, 198 A.3d 1205, 1214 n.6 (Pa. Cmwlth. 2018) (en banc). We need not accept unwarranted factual inferences, conclusions of law, arguments, or opinions. *Id.* To sustain preliminary objections, it must be clear the law will permit no recovery, even resolving doubts in favor of the non-movant. *Id.*

exists; and (3) lack of jurisdiction in this Court over claims relating to internal prison proceedings or grievances.

Respondents first argue the Petition fails to state the elements of a negligence claim. In order to sustain a negligence action, a litigant must show "(1) the defendant's duty or obligation recognized by law; (2) a breach of that duty; (3) a causal connection between the defendant's conduct and the resulting injury; and (4) actual damages." *Page v. City of Phila.*, 25 A.3d 471, 475 (Pa. Cmwlth. 2011). Respondents contend the Petition fails to show duty or breach because it does not identify by name a specific DOC official who had a duty to handle Petitioner's property with care or breached that duty. They further claim the Petition does not plead damages because Petitioner does not identify the items by name in the body of the Petition.

Petitioner responds he is unable to identify a specific official by name because many DOC officials may have handled his property. He identifies Officer Kitner and Captain Stavola, the official in charge of the housing unit, as two such officials, and alleges they at least were negligent in handling his property. Petitioner argues DOC's well-established duty to care for inmate property, combined with his allegations that two specific officials were negligent, are sufficient to state a claim. He also argues the inventories attached to the Petition identify the property in question.

Where prison employees negligently handled an inmate's personal property within DOC's care and control, and damage the property, the inmate may plead a negligence claim. *Williams v. Stickman*, 917 A.2d 915, 918 (Pa. Cmwlth. 2001). We have found viable claims for "collective negligence" where the inmate cannot plausibly identify all DOC personnel who might have had control of the

3

property. *See Anderson v. Pa. Dep't of Corr.*, (Pa. Cmwlth., No. 50 C.D. 2022, filed Aug. 3, 2023), slip op. at 8, 2023 WL 4938753; *Mercaldo v. Dep't of Corr.*, (Pa. Cmwlth., No. 608 M.D. 2020, filed July 16, 2025), slip op. at 6-7, 2025 WL 1949628 (overruling preliminary objection to negligence claim where inmate pleaded "unknown unit staff" lost his property).[2]

Here, Petitioner alleges DOC personnel negligently lost his property and thus breached their duty to secure it. He identifies two officials by name in the Petition. Further, the Petition and the inventory lists attached thereto identify the alleged lost property with sufficient specificity to allow Respondents to respond to the claim. Accordingly, Petitioner has pleaded the elements of a negligence claim and we will overrule Respondents' first preliminary objection.

Second, Respondents argue to the extent the Petition alleges violation of DOC policy regarding inmate property, that is not the basis for a cause of action. We agree. "[N]o clear legal right to relief, or cause of action, can be based on a violation of [DOC's] policies or administrative regulations" in themselves. *Tyler v. Dep't of Corr.*, (Pa. Cmwlth., No. 302 M.D. 2021, filed June 8, 2023), slip op. at 10 (citing *Feliciano v. Pa. Dep't of Corr.*, 250 A.3d 1269, 1275 n.9 (Pa. Cmwlth. 2021)); *accord Williams v. Wetzel*, 232 A.3d 652, 653 (Pa. 2020) (holding this Court lacks jurisdiction over prisoners' due process challenges to DOC officials' actions "where the inmate fails to assert a constitutionally-protected liberty or property interest").

Finally, Respondents argue we lack jurisdiction to review any claims in the petition regarding internal prison administration and the grievance process. Again, we agree. Because "the procedures for pursuing inmate grievances and

---

[2] Unreported opinions of this Court filed after January 15, 2008, may be cited for their persuasive value. Pa.R.A.P. 126(b); 210 Pa. Code § 69.414(a).

4

misconduct appeals are a matter of internal prison administration," we lack both appellate and original jurisdiction over such claims, and we must dismiss any such claims in the Petition. *Bronson v. Cent. Off. Rev. Comm.*, 721 A.2d 357, 358 (Pa. 1998).

For these reasons, we sustain Respondents' second and third preliminary objections and dismiss any claims in the Petition based on violation of DOC policies or the internal grievance process. We overrule Respondents' preliminary objection to the negligence claim, however. Finally, because that claim persists, and absent opposition from Respondents, we grant the Application and allow Petitioner to amend the Petition as requested.

_____
MATTHEW S. WOLF, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Jack O. Edmundson, Jr., | : |
| Petitioner | : |
| | : |
| v. | :   No. 96 M.D. 2025 |
| | : |
| Pennsylvania Department of | : |
| Corrections (PADOC) and | : |
| SCI Benner Twp., | : |
| Respondents | : |

## **O R D E R**

AND NOW, this 24th day of July 2026, Respondents' second and third preliminary objections are SUSTAINED in part and OVERRULED in part in accordance with the foregoing Opinion. Further, Petitioner's application for relief seeking "Permission to Amend Petition," to which no answer was filed, is GRANTED. Petitioner shall file the amended petition for review, if at all, within 30 days of the date of this Order.

 

 

                                     _____

                                       MATTHEW S. WOLF, Judge